UNITED STATES of America,
Plaintiff–Appellee,

v.

Joe Dean SALYERS, Defendant–
Appellant.

No. 02–5437.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2003.

Before BOGGS and NORRIS, Circuit
Judges; and BELL, Chief District Judge.*

*ORDER*

Joe Dean Salyers, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2002, Salyers pleaded guilty to conspiring to possess with intent to distribute and to distribute schedule II controlled substances cocaine, oxycodone, and methadone, in violation of 21 U.S.C. § 846, attempting to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846, possessing with intent to distribute oxycodone and percocet, in violation of 21 U.S.C. § 841, and possessing firearms during the commission of a drug offense in violation of 18 U.S.C. § 924(c). The dis-

trict court sentenced Salyers to a total of ninety-seven months of imprisonment.

Salyers has filed a timely appeal, arguing that the district court should have required the government to file a downward departure motion because he was entitled to such a departure based on his substantial assistance, or that the court should have conducted an evidentiary hearing to determine if Salyers's cooperation warranted a downward departure.

Upon review, we conclude that the district court did not err when it declined to hold an evidentiary hearing concerning Salyers's entitlement to a downward departure. As Salyers acknowledged, existing case law simply does not support his arguments. First, § 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the government files a motion indicating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime. *See* USSG § 5K1.1. However, a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. *See Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Second, courts may only review the government's refusal to file a motion for a downward departure in an effort to determine whether the government's decision was based on unconstitutional motives. *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998). The government's decision may not be reviewed for bad faith. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000).

Here, Salyers does not assert that the government's failure to file a § 5K1.1 mo-

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

tion was based upon an unconstitutional motive, and an independent review of the record reveals no evidence that the government's failure to file a § 5K1.1 motion was so motivated.

Accordingly, we affirm the district court's judgment.